UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STATE OF NEVADA CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BLAKE AMAFA,<br><br>　　　　　Defendant. | Case No. 2:23-cv-02023-MMD-EJY<br><br><br>**ORDER** |

Pending before the Court is Blake Amafa's Notice of Constitutional Question filed with his *in forma pauper* application (ECF No. 1-1) and filed a second time at ECF No. 4. This twice filed document is 91 pages long. In this Order, the Court exercises its inherent authority to screen this submission, which is "transparently defective," in order to "save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for relief sought …." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Mr. Amafa brings his case to Court as a defendant. It is unclear what he seeks from this Court and how the case can proceed as presented. Mr. Amafa's submission asks seven questions that he states arise under the United States Constitution. ECF Nos. 1-1, 4 at 1-2. These questions are not presented as part of a factual scenario that supports a theory of recovery, let alone a legally cognizable claim. What is clear is that Mr. Amafa seeks an advisory opinion that he might ultimately use to challenge a proceeding in state court. "[F]ederal courts have never been empowered to issue advisory opinions." *Coal. for a Healthy Cal. v. F.C.C.*, 87 F.3d 383, 386 (9th Cir. 1996)

(citation omitted).  Because this Court lacks the power to advise Mr. Amafa on the legal questions raised by his submission the Court finds he has not presented a pleading that survives Fed. R. Civ. P. 12(b)(6) dismissal.

Despite the above, the Court does not order dismissal with prejudice.  Instead, the Court dismisses Mr. Amafa's claims without prejudice providing him **one** opportunity to file a complaint that complies with the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that Mr. Amafa's Notice of Constitutional Question (ECF Nos. 1-1, 4) be DISMISSED without prejudice.

IT IS FURTHER ORDERED that Mr. Amafa is given **one** opportunity to file a complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.  Mr. Amafa must carefully consider who he wishes to include as a defendant and then, in short plain paragraphs, allege the facts supporting the violation of his federal or constitutional rights alleged.

IT IS FURTHER ORDERED that the Clerk of Court send Mr. Amafa the form and instructions for commencing a civil complaint in federal Court.

IT IS FURTHER ORDERED that Mr. Amafa will have through and including **April 1, 2024** to file his complaint that complies with all applicable rules as described above and in the instructions provided to him by the Court.

IT IS FURTHER ORDERED that if Mr. Amafa fails to comply with this Order, the Court will recommend the action be dismissed with prejudice.

Dated this 29th day of February, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE